**In re SCARSDALE REALTY PARTNERS, L.P.,**
**Debtor.**

**Bankruptcy No. 98–B22279 ASH.**

United States Bankruptcy Court,
S.D. New York,
White Plains Division.

April 22, 1999.

Joel M. Rosen, Pitney, Hardin, Kipp & Szuch, Morristown, NJ, for IDS Life Insurance Co.

Joshua J. Angel, Robert A. Abrams, Angel & Frankel, P.C., New York City, for Debtor.

## MEMORANDUM DECISION

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

The issue presented on this motion is whether a secured creditor may rescind its election to treat its claim as fully secured under 11 U.S.C. § 1111(b) on the basis of material, previously undisclosed information divulged in an amended disclosure statement. On the facts of this case, I conclude that the secured creditor may rescind its Section 1111(b) election.

### Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and (O).

### Background

The debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 1, 1998. The principal asset of the debtor's estate is a four-story office building in Scarsdale, New York. The debtor filed its first plan and disclosure statement on January 18, 1999. The secured creditor, IDS Life Insurance Co., Inc. ("IDS"), filed a Section 1111(b) election on February 11, as well as its objection to the first plan and disclosure statement. Following a hearing on the adequacy of the disclosure statement on February 25, the matter was adjourned to March 10 to allow the debtor to address objections to the plan and disclosure statement. The debtor amended its disclosure statement on March 8. IDS objected to the amended disclosure statement, and at the adjourned hearing on March 10 requested that it be allowed to withdraw its Section 1111(b) election on the basis of material, previously undisclosed information.

The principal basis for IDS' request to withdraw its Section 1111(b) election is

that the amended disclosure statement revealed that the obligee of a $2.99 million promissory note of the debtor is an insider of the debtor and, further, that this note was assigned immediately prior to the debtor's filing to an affiliate of the entity funding the debtor's plan. The assignee, Overhill Realty, LLC, has asserted a $6.35 million claim based on the $2.99 million note. IDS suggests that these facts may be grounds to challenge Overhill Realty's right to vote on the amended plan, and that it will file such a challenge if granted the right to withdraw its Section 1111(b) election.

IDS' secured claim totals approximately $6 million; the property securing its claim is valued at between $2.9 and $4.2 million. Were IDS permitted to withdraw its Section 1111(b) election, between $1.8 and $3.1 million of its secured claim would become an unsecured deficiency claim, giving IDS the ability to dominate the unsecured creditor class if Overhill Realty were disqualified from voting.

### *Discussion*

Section 1111(b) of the Bankruptcy Code provides:

> (1)(A) A claim secured by a lien on property of the estate shall be allowed or disallowed under section 502 of this title the same as if the holder of such claim had recourse against the debtor on account of such claim, whether or not such holder has such recourse, unless—
>
> (i) the class of which such claim is a part elects, by at least two-thirds in amount and more than half in number of allowed claims of such class, application of paragraph (2) of this subsection; or
>
> (ii) such holder does not have such recourse and such property is sold under section 363 of this title or is to be sold under the plan.
>
> (B) A class of claims may not elect application of paragraph (2) of this subsection if—

> (i) the interest on account of such claims of the holders of such claims in such property is of inconsequential value; or
>
> (ii) the holder of a claim of such class has recourse against the debtor on account of such claim and such property is sold under section 363 of this title or is to be sold under the plan.
>
> (2) If such an election is made, then notwithstanding section 506(a) of this title, such claim is a secured claim to the extent that such claim is allowed.

Section 1111(b) allows a secured creditor the option of either treating its claim as fully secured by the collateral or splitting its claim into a secured claim to the extent of the value of the collateral and an unsecured claim for the deficiency. If the undersecured creditor makes a Section 1111(b) election, its unsecured claim for the deficiency allows it to play a part in the Chapter 11 process to the extent that it may be able to dominate the vote within an unsecured class. *See In re 680 5th Avenue Associates*, 156 B.R. 726, 730–31 (Bankr.S.D.N.Y.1993), *aff'd* 169 B.R. 22 (S.D.N.Y.1993), *aff'd* 29 F.3d 95 (2d Cir. 1994).

The debtor opposes IDS' attempt to rescind its election partly on the strength of the last sentence of Bankruptcy Rule 3014, which provides:

> An election of application of § 1111(b)(2) of the Code by a class of secured creditors in a chapter 9 or 11 case may be made at any time prior to the conclusion of the hearing on the disclosure statement or within such later time as the court may fix. If the disclosure statement is conditionally approved pursuant to Rule 3017.1, and a final hearing on the disclosure statement is not held, the election of application of § 1111(b)(2) may be made not later than the date fixed pursuant to Rule 3017.1(a)(2) or another date the court may fix. The election shall be in writing and signed unless made at the hearing on the disclosure statement. The election, if made

by the majorities required by § 1111(b)(1)(A)(i), shall be binding on all members of the class with respect to the plan.

The debtor also points to the Advisory Committee Note to Rule 3014, which provides in relevant part:

> Once the [disclosure statement] hearing has been concluded, it would be too late for a secured creditor class [which has made the Section 1111(b) election] to demand different treatment unless the court has fixed a later time.... If that treatment is approved by the requisite majorities of the class and culminates in a written, signed statement filed with the court, that statement becomes binding and the class may not thereafter demand different treatment under § 1111(b) with respect to that plan.... Only if the plan is not confirmed may the class of secured creditors thereafter change its prior election.

The nut of the debtor's argument is that, once IDS made its election, absent a material alteration to *the plan* (as opposed to the disclosure statement), it became bound to the election and cannot now withdraw it. The debtor points to *In re Keller*, 47 B.R. 725 (Bankr.N.D.Iowa 1985), *In re Paradise Springs Associates*, 165 B.R. 913 (Bankr.D.Ariz.1993), and the quoted Advisory Committee Notes in support of its position. The debtor notes that the amended plan contains no material alteration because the treatment afforded each class of claims remains unchanged. IDS argues, in essence, that the debtor's failure to disclose the circumstances of the $2.99 million promissory note was a material omission upon which it relied, justifying its withdrawal of its election when it learned the true nature of the claim.

The debtor's contentions are unpersuasive for several reasons. Under Bankruptcy Rule 3014, a creditor may make its Section 1111(b) election "at any time prior to the conclusion of the hearing on the disclosure statement or within such time as the court may fix." Hearings on the

adequacy of the amended disclosure statement have not concluded in this matter, and IDS would still be able to make a timely election in the first instance.

More importantly, nothing in Rule 3014 purports to cast in stone an election made in reliance on a disclosure statement that is materially changed, *i.e.*, where the newly-disclosed information is material to the reason for withdrawing the Section 1111(b) election. Indeed, denying the right to withdraw a Section 1111(b) election made in reliance on materially defective disclosure would be as counter-intuitive as permitting withdrawal of the election after the rest of the creditor body has relied on the election.

In this case the debtor's failure to disclose the full circumstances surrounding the $2.99 million note and its assignment was material. IDS was not apprised of this information when it made its election. The debtor's failure to disclose this material information at the time IDS made its election is sufficient justification for IDS' withdrawal of its election, particularly where IDS seeks to do so within the time limit in which it initially could have made the election under Bankruptcy Rule 3014.

The case law supports these conclusions. *In re Stanley*, 185 B.R. 417 (Bankr. D.Conn.1995), recognizes the appropriateness of allowing a secured creditor to withdraw its election on the basis of material misstatements in the disclosure statement, and notes that "[under such] circumstances, the disclosure statement should be renoticed and the time for making a § 1111(b) election extended accordingly." *Id.* at 428. Similarly, *In re Bloomingdale Partners*, 155 B.R. 961, 971 (Bankr.N.D.Ill. 1993), although refusing to allow the secured creditor to rescind its election because it was aware of the allegedly undisclosed material information, recognizes that a secured creditor may rescind its Section 1111(b) election both where the disclosure statement is materially inadequate and where a material alteration to

the plan has occurred. As stated in *In re Bloomingdale Partners*:

> This objection is substantially similar to the objection § 1111(b) creditors make regarding altered plans—in either case, the creditor objects that it should not be bound to an election when it was unable to make a fully informed evaluation of its treatment under the plan (or the plan, as modified). In fact, these objections can be viewed as essentially the same because proponents of plan modifications must comply with disclosure statement requirements.... After all, it is the disclosure statement that triggers a creditor's election of § 1111(b). A creditor cannot be required to state its election before the end of the hearing on the adequacy of the disclosure statement. *See* Fed. R.Bankr.P. 3014, 9006(c)(2). Therefore, it is as appropriate to permit withdrawal of an § 1111(b) election when the disclosure statement is materially inadequate as when the disclosure statement is materially altered to comply with a plan modification.

The debtor's citations to *In re Keller* and *In re Paradise Springs Associates* do not support its contentions. *In re Keller* rejected a secured creditor's request to withdraw its Section 1111(b) election on the ground that the debtor should have amended its disclosure statement to reflect the consequences to the *other* creditors of the secured creditor's election. There was no claim that the Section 1111(b) election had been induced by any inadequacy of disclosure, as in this case. The court denied the request because the secured creditor did not attempt to withdraw its election until well after the hearing to approve the disclosure statement and voting on the plan had closed. *In re Keller*, 47 B.R. at 729–30.

In *In re Paradise Springs Associates*, the secured creditor sought to withdraw its Section 1111(b) election on the basis of "material changes in the factual predicates underlying the Debtor's Plan." 165 B.R.

at 919. Unlike this case, the *Paradise Springs* court found that these claimed material changes were not "objectively and materially adverse" to the secured creditor's interest. *Id.* at 920. *Paradise Springs* recognizes "that a creditor could also be permitted to withdraw its election if a disclosure statement was materially inadequate or was materially altered to comply with a plan modification." *Id.* at 919, citing *In re Bloomingdale Partners*, 155 B.R. 961, 971 (Bankr.N.D.Ill.1993).

In this case the failure to disclose was material to IDS' decision to make the Section 1111(b) election. Accordingly, IDS will be permitted to withdraw its Section 1111(b) election. Settle order.